The document below is hereby signed.

Signed: June 6, 2018



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LULSEGED GUADIE, | ) | Case No. 17-00054 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SANTORINI CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10022 |
| LULSEGED GUADIE, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S MOTION
TO DISMISS COUNTS I, IV, V AND VI AND TO STRIKE JURY DEMAND

The amended complaint (Dkt. No. 7) filed by Santorini

Capital, LLC ("Santorini") seeks in Count I to declare claims

against the debtor based on the debtor's prepetition conduct

nondischargeable under 11 U.S.C. § 523(a)(2); in the alternative,

seeks in Counts II and III to deny the debtor a discharge

pursuant to 11 U.S.C. § 727(a); in Counts IV, V, and VI asserts

claims for damages based on various defendants' alleged

prepetition conduct and postpetition conduct; and seeks to avoid certain transfers of property.  The plaintiff also includes in its amended complaint a request for a jury trial.

The debtor, Lulseged Guadie, ("Guadie") has filed a motion to dismiss, requesting the court to dismiss Counts I, IV, V, and VI, and to strike the plaintiff's jury demand.  *See* Dkt. No. 31. Pursuant to this Memorandum Decision and Order, I will dismiss the § 523(a)(2) claim contained in Count I as untimely.  I will also dismiss the damage claims against the debtor contained in Counts IV, V, and VI.  First, once the § 523(a)(2) claim is dismissed, pursuit of the damage claims that are based on prepetition conduct is barred by the automatic stay of 11 U.S.C. § 362(a).  Second, to the extent that the damage claims are based not on the debtor's prepetition conduct but on the debtor's postpetition conduct, they must be dismissed for lack of subject matter jurisdiction.  Finally, Santorini's claims in Counts V and VI seeking avoidance of alleged fraudulent conveyances made by the debtor will be dismissed due to the plaintiff's lack of standing to exercise avoidance powers.[1]  Only Counts II and III, seeking to deny the debtor a discharge, will remain as claims against the debtor, and I will strike the jury demand as to those two counts.

---

[1]  In a case under Chapter 7 of the Bankruptcy Code, the power to avoid a transfer is vested in the chapter 7 trustee pursuant to 11 U.S.C. § 544(a).

2

I

DISMISSAL OF COUNT I OF THE AMENDED COMPLAINT

Count I must be dismissed for the following reasons.

A.

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure sets the deadline for filing a complaint under 11 U.S.C. § 523(a)(2) as 60 days after the first date set for the meeting of creditors.  In the debtor's chapter 7 bankruptcy case, the first and only date set for the meeting of creditors was March 9, 2017.  The deadline set by Rule 4007(c) for filing a complaint under 11 U.S.C. § 523(a)(2) was therefore May 8, 2017.  Accordingly, the notice of the commencement of the bankruptcy case (Case No. 17-00054, Dkt. No. 8), sent to, *inter alia*, all creditors, contained a section entitled "Deadlines" in which the court listed the deadline of May 8, 2017, and indicated:

> **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable**:
>
> **You must file a complaint**:
> - if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or
>
> - if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).

Santorini's initial complaint commencing this adversary proceeding was filed on June 19, 2017, more than a month after the bar date for filing a complaint under § 523(a)(2).  Rule

3

4007(c) requires that any motion to extend the time to file such
a complaint must be filed prior to the expiration of the
applicable deadline.  Santorini never filed a motion in the
bankruptcy case to extend the deadline for filing a complaint to
have the debts owed it excepted from discharge.  Prior to the
expiration of the deadline for filing such a complaint, Santorini
only sought and obtained from the court an extension of the
deadlines for objecting to discharge under 11 U.S.C. § 727(a) and
for filing a motion to dismiss under 11 U.S.C. § 707(b).

Santorini points to an agreement to extend all key dates in
the bankruptcy case as evidence that it sought to extend the
deadline to file a complaint to have the debts owed it excepted
from discharge.  On April 3, 2017, Santorini's counsel made the
following request via e-mail to the debtor's counsel: "On another
note, would you be agreeable to a 60 or 90 day extension on all
of the key dates in Mr. Guadie's bankruptcy deposition [sic] in
order to give us some breathing space to get the needed discovery
completed?"  *See* Dkt. No. 37, at 6, Ex. A.  On April 4, 2017, the
debtor's counsel e-mailed in reply: "Mr. Guadie will agree to a
60 day extension of deadlines in order to relieve the time
pressure."  *See* Dkt. No. 37, at 7, Ex. A.  On April 12, 2017,
Santorini filed a consent motion in the bankruptcy case (Case No.
17-00054, Dkt. No. 51) stating:

> Santorini respectfully requests that this Court enter an
> Order extending the following deadlines by 60 (sixty)

4

days: (1) The deadline for the U.S. Trustee and creditors
to object to granting of discharge under 11 U.S.C. § 727;
and (2) the deadline for the U.S. Trustee, any Party in
Interest, or the Court to move to dismiss for substantial
abuse under 11 U.S.C. § 707(b).

The consent motion noted that one reason for requesting the

extension of the specified deadlines was that Guadie had not yet

produced documents as required pursuant to an examination under

Fed. R. Bankr. P. 2004.  On April 18, 2017, after considering the

consent motion, the court entered an order in the bankruptcy case

(Case No. 17-00054, Dkt. No. 60), which:

> ORDERED that Creditor Santorini Capital, LLC's
> Consent Motion for 60 Day Extension of Filing Deadlines
> is GRANTED, and . . .
> ORDERED that the deadline to object to granting of
> discharge under 11 U.S.C. § 727, and the deadline to move
> to dismiss for substantial abuse under 11 U.S.C.
> § 707(b), are extended by 60 days from the date of the
> entry of this Order.[2]

The order did not extend the time for filing a complaint under 11

U.S.C. § 523(a)(2), just as the motion that preceded the order

did not specify a request for an extension of time to file such a

request.  Therefore, the deadline for filing such a complaint

remained May 8, 2017, and no such complaint was filed by then.

On June 6, 2017, Santorini filed a second motion in the

bankruptcy case to extend certain deadlines: (1) the deadline to

---

[2]  The sixtieth day after entry of the order of April 18,
2017, was Saturday June 17, 2017, and thus, under Fed. R. Bankr.
P. 9006(a)(1)(C), the two deadlines specified by the order (which
were only deadlines for filing an 11 U.S.C. § 727 complaint or an
11 U.S.C. § 707(b) motion) became Monday June 19, 2017.

object to granting of discharge under 11 U.S.C. § 727, and

(2) the deadline to move to dismiss for substantial abuse under

11 U.S.C. § 707(b).  *See* Case No. 17-00054, Dkt. No. 81.

However, that motion did not include a request to extend the time

for filing a complaint under 11 U.S.C. § 523(a)(2).  On August 4,

2017, the court granted that motion and extended the specified

deadlines until October 3, 2018, but that order did not extend

the time for filing a complaint under 11 U.S.C. § 523(a)(2).  *See*

Case No. 17-00054, Dkt. No. 110.

Santorini filed its initial complaint on June 19, 2017, more

than a month after the bar date for filing a complaint under

§ 523(a)(2) had expired on May 8, 2017.  Santorini then amended

its complaint on September 8, 2017, and served that complaint on

the debtor.

B.

In relevant part, Rule 4007(c) provides:

> a complaint to determine the dischargeability of a debt
> under § 523(c) [which includes complaints under
> § 523(a)(2)] shall be filed no later than 60 days after
> the first date set for the meeting of creditors under
> § 341(a). . . .  On motion of a party in interest, after
> hearing on notice, the court may for cause extend the
> time fixed under this subdivision.  The motion shall be
> filed before the time has expired.

When an act is required or allowed to be done within a specified

period by the Federal Rules of Bankruptcy Procedure, Rule

9006(b)(1) provides the general rule that "on motion made after

the expiration of the specified period [the court may] permit the

6

act to be done where the failure to act was the result of
excusable neglect." However, one of the express exceptions to
that general rule is contained in Rule 9006(b)(3), which provides
in relevant part that "[t]he court may enlarge the time for
taking action under Rule[] . . . 4007(c) [and certain other
rules], only to the extent and under the conditions stated in
those rules." The court therefore has no authority to enlarge
the Rule 4007(c) deadline now that the deadline expired.

The debtor timely responded to the plaintiff's amended
complaint on November 6, 2017, by filing his *Motion to Dismiss
Counts I, IV, V and VI and to Strike Jury Demand* (Dkt. No. 29),
raising therein the untimeliness of any claim for § 523(a)(2)
relief.[3] Santorini opposed the *Motion to Dismiss*, but, as
discussed below, has raised no valid basis for denying dismissal
of Count I.

C.

First, although the debtor's counsel promised that "Mr.
Guadie will agree to a 60 day extension of deadlines in order to
relieve the time pressure[,]" he left it to Santorini's counsel
to seek the necessary order from the court to extend the
deadline. Santorini's counsel only sought on Santorini's behalf

---

[3] The debtor also filed *Debtor Lulseged Guadie's Answer and
Affirmative Defenses to Amended Complaint* (Dkt. No. 30), which
asserted "[a]pplicable statutes of limitation and/or laches" as
an affirmative defense.

7

an extension of the deadlines for objecting to discharge under 11
U.S.C. § 727(a) and for filing a motion to dismiss under 11
U.S.C. § 707(b).  Because Santorini failed, before the deadline
of May 8, 2017, imposed by Rule 4007(c), to seek an extension of
the time to file a complaint for a determination that the
debtor's debts to Santorini are nondischargeable under
§ 523(a)(2), Rules 4007(c) and 9006(b)(3) bar Santorini from
seeking an enlargement of time now.  *See Shahrestani v. Alazzeh
(In re Alazzeh)*, 509 B.R. 689, 694-95 (9th Cir. B.A.P. 2014)
("Mr. Shahrestani could not rely on Mr. Alazzeh's agreement to
extend the § 727 complaint Deadline.  Any such extension is
dependent upon the bankruptcy court granting a motion filed prior
to the Deadline, for cause shown.").

Prior to the filing of the motion to extend time on April
12, 2017, Santorini's counsel, in discussions with the debtor's
counsel and in court filings, may have always explained that
Santorini's counsel was conducting examinations under Rule 2004
of the Federal Rules of Bankruptcy Procedure, in part for the
purpose of pursuing nondischargeability issues.  Nevertheless,
the burden fell on Santorini to explicitly seek any necessary
extension of time under Rule 4007(c) in a timely fashion.
Santorini failed timely to seek such an extension.  Thus,
Santorini's § 523(a)(2) claim, contained in Count I of its
amended complaint, is time-barred.

8

D.

The order enlarging time for objecting to discharge under 11

U.S.C. § 727(a) and for filing a motion to dismiss under 11

U.S.C. § 707(b) cannot be interpreted as including an extension

of the time under Rule 4007(c) for filing a § 523(a)(2)

complaint.  A complaint under § 727(a) objecting to discharge is

limited to seeking to deny the debtor's receipt of a discharge

based on the grounds set forth in § 727(a).  It does not include

a request that if the debtor is granted a discharge, the debt be

declared nondischargeable under § 523(a)(2).

Santorini appears to contend that its § 727(a) claim seeking

a denial of a discharge necessarily includes a claim for the

lesser relief of treating its claims as nondischargeable under

§ 523(a)(2).  However, § 727(a) sets forth specific grounds upon

which a discharge can be denied, and the statute does not include

grounds under § 523(a)(2) for declaring a debt nondischargeable.

Section 523(a)(2) relief is therefore not lesser relief included

within a complaint for § 727(a)(2) relief and Santorini's timely

§ 727(a) claim cannot be said to include its § 523(a)(2) claim.

E.

Santorini's counsel may have mistakenly thought that the

extension of the time for objecting to discharge included an

extension of the time for filing a complaint for determination of

the dischargeability of the debts owed Santorini.  Even if the

9

failure to timely file a claim under § 523(a)(2) was based on such a mistake, and even if that mistake would amount to excusable neglect if Rule 9006(a) were applicable, Santorini cannot invoke Rule 9006(a) to obtain an extension of the expired deadline.  Rule 9006(b)(3) is an exception to Rule 9006(a) and requires that any extension of the deadline set by Rule 4007(c) may be granted "only to the extent and under the conditions stated in" Rule 4007(c).  In turn, Rule 4007(c) makes clear that an extension of the Rule 4007(c) deadline must be sought before the deadline has expired.

F.

Santorini notes that under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Fed. R. Bankr. P. 7015, an amended pleading relates back to the original pleading if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" Santorini then argues that the § 523 count in the amended complaint asserts a claim that arose out of the same conduct as pled regarding the § 727(a) count and thus relates back to the initial complaint filed on June 19, 2017, which was a timely § 727(a) complaint. That gains Santorini nothing.  A § 523(a)(2) complaint deemed filed on June 19, 2017, would still be a

10

complaint filed after May 8, 2017, the bar date for filing a

§ 523(a)(2) claim.                    G.

Santorini correctly notes that Rule 4007(c) is not

jurisdictional and thus is generally subject to defenses of

waiver, estoppel, and equitable tolling.  Santorini then argues

that equitable principles warrant holding that the bar date of

Rule 4007(c) ought not apply because:

(1)  Guadie expressly consented to the extension of *all* deadlines, over a month before the expiration of the initial, May 8th § 523 and § 727 filing deadlines, and failed to raise any objection to the consent extension order, which Guadie reviewed;

(2)  Guadie has been on notice since at least March 17th that Santorini was pursuing nondischargeability of Guadie's debt based on fraud, and failed to object until now;

(3)  As this Court has found, it is Guadie's own, bad-faith, months-long discovery violations and failures that have stymied the progress of this case, resulting in the need for Santorini's filing extensions.  Guadie should not be allowed to profit from his own delay;

(4)  Santorini has openly and candidly stated its fraud/nondischargeability allegations to this Court and to Guadie since well before any deadline, and has been diligent in preserving its deadlines;

(5)  No prejudice will result to Guadie if the § 523 proceeds – the parties will be litigating the exact same set of facts for every Count, and if Santorini proves any claim, the result as to Guadie will be the same;

(6)  Any lack of clarity as to § 523 in the extension orders is the result of excusable neglect by counsel, which may be clarified by the communications between Guadie's counsel and Santorini's counsel.

11

This argument is unpersuasive.  The facts do not warrant application of any of the equitable doctrines Santorini invokes.

First, equitable estoppel does not apply.  The traditional elements of the doctrine of equitable estoppel are the existence of a false representation, a purpose to invite action by the party to whom the representation was made, ignorance of the true facts by that party, reliance, and a showing of an injustice and lack of undue damage to the public interest.  *ATC Petroleum, Inc. v. Sanders*, 860 F.2d 1104, 1111 (D.C. Cir. 1988).  There was no false representation here.  The only representation the debtor's counsel made was that "Mr. Guadie will agree to a 60 day extension of deadlines in order to relieve the time pressure." That left it to Santorini to seek the necessary extension, and, as discussed above, Santorini failed to do so.  The debtor's counsel had no obligation to notify Santorini's counsel that Santorini's motion to extend deadlines failed to include an extension of the Rule 4007(c) deadline for filing a nondischargeability complaint under § 523(a)(2).  The debtor's counsel agreed to Santorini's motion, which was all that was asked of him.  That is not a misrepresentation.

The debtor's counsel's failure to notify Santorini's counsel that no Rule 4007(c) extension was included in Santorini's motion to extend deadlines did not prevent Santorini from timely seeking to enlarge the Rule 4007(c) deadline, and thus was not an active

step preventing Santorini from suing in time as would be required
for equitable estoppel to apply. *See Smith v. Potter*, 445 F.3d
1000, 1010 (7th Cir. 2006) (reiterating that the equitable
doctrine of estoppel only applies in the statute of limitations
context if the defendant takes active steps to prevent the
plaintiff from suing in time and the plaintiff actually and
reasonably relies on the defendant's conduct or representations),
*overruled on other grounds Hill v. Tangherlini*, 724 F.3d 965, 967
n.1 (7th Cir. 2013).

Second, judicial estoppel does not apply.  "Courts may
invoke judicial estoppel '[w]here a party assumes a certain
position in a legal proceeding, . . . succeeds in maintaining
that position, . . . [and then,] simply because his interests
have changed, assume[s] a contrary position.'" *Comcast Corp. v.
FCC*, 600 F.3d 642, 647 (D.C. Cir. 2010) (quoting *New Hampshire v.
Maine*, 532 U.S. 742, 749 (2001) (internal quotation marks
omitted)).  *See also Moses v. Howard Univ. Hosp.*, 606 F.3d 789,
792 (D.C. Cir. 2010) (quoting *Comcast Corp. v. FCC*, 600 F.3d at
647).

The debtor has not changed positions that it has previously
taken in this adversary proceeding.  Through counsel, the debtor
represented to Santorini's counsel that he would consent to an
extension of deadlines, but the burden fell on Santorini timely
to seek an extension of the bar date of Rule 4007(c) if Santorini

13

wanted to have that bar date extended.  The debtor never advised the court that he was consenting to an extension of the bar date for filing a § 523(a)(2) complaint.  The only representation to the court, made in the consent motion, was that the debtor was consenting to an extension of the bar dates to object to granting of discharge under 11 U.S.C. § 727 and to move to dismiss for substantial abuse under 11 U.S.C. § 707(b).  The debtor's counsel joined in the only motion to extend time that Santorini's counsel prepared and sent to him, and did not act contrary to his promise that the debtor would consent to an extension of deadlines.  That promise was not an agreement that the debtor would not raise the bar date as a defense to any claims if Santorini failed timely to seek an extension of the bar date for those claims. Thus, by now arguing that the creditor is time-barred from asserting a § 523(a)(2) claim, the debtor has not taken one position on the issue of extending the deadline for filing a § 523(a)(2) complaint only to later take a different position.

Third, the debtor never waived or forfeited the defense that Rule 4007(c) barred Santorini's § 523(a)(2) claim.  The defense was timely raised within the deadline for responding to the amended complaint, and the debtor never agreed to waive the defense if Santorini failed to timely file a motion to extend the Rule 4007(c) deadline.

14

Fourth, equitable tolling does not apply.  As noted in *Washington v. WMATA*, 160 F.3d 750, 753 (D.C. Cir. 1998) (internal quotation marks and citations omitted), "the court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances, and does not extend to what is at best a garden variety claim of excusable neglect."  As stated in *Lozano v. Montoya Alvarez*, __ U.S. __, 134 S. Ct. 1224, 1231–32 (2014) (internal citations omitted):

> As a general matter, equitable tolling pauses the running of, or "tolls," a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. Because the doctrine effectively extends an otherwise discrete limitations period set by Congress, whether equitable tolling is available is fundamentally a question of statutory intent.

As to the matter of intent of the rule makers, equitable tolling should not apply to extend the statute of limitations contained in Rule 4007(c).  By its terms, Rule 4007(c) says that any motion to extend the deadline must be filed before the time has expired.  In the Advisory Committee Notes, in regards to subdivision (c), it is noted that "if a complaint is not timely filed, the debt is discharged."  After the 1999 Amendments to Rule 4007(c) were enacted, the Advisory Committee Notes clarified that, despite the amendments, any party in interest could still file a motion to extend time to file a claim to determine the dischargeability of a debt "in accordance with this rule" and "[a]s amended, these subdivisions require that a motion for an

extension of time be *filed* before the time has expired." These notes indicate that the rule makers' intent was not to allow equitable tolling to toll the deadline set by Rule 4007(c) by permitting parties to file a motion to extend the deadline for filing a nondischageability complaint after the expiration of the deadline for doing so.

Indeed, the Bankruptcy Appellate Panel of the First Circuit has weighed in on this issue and found that Rule 4007 does not allow equitable exceptions when a party files an untimely extension request, despite the nonjurisdictional nature of the Rule. *See Sullivan v. Costa (In re Costa)*, No. MB 12-032, 2013 WL 63916, at *7 (1st Cir. B.A.P. Jan. 3, 2013). Quoting the Bankruptcy Court of New Hampshire in *Francis v. Eaton (In re Eaton)*, 327 B.R. 79 (Bankr. D.N.H. 2005), the First Circuit Bankruptcy Appellate Panel stated that "'[w]hile principles of equitable tolling may, as a general proposition, apply to non-jurisdictional deadlines, the general rule cannot overcome express limitations." *Id.* Noting that the purpose of Rule 4007 is "to compel creditors to move swiftly," the First Circuit Bankruptcy Appellate Panel found the argument that equitable tolling could be applied "unavailing." *Id.* This court agrees that the doctrine of equitable tolling does not comport with Rule 4007(c).

Even if equitable tolling were permitted to toll the Rule
4007(c) deadline, tolling would be inappropriate in this case.
Santorini received from the debtor permission to extend all
deadlines and Santorini only sought an extension of the deadlines
for filing a § 727 complaint for denial of discharge and a
§ 707(b) motion to dismiss for substantial abuse.  Because
Santorini failed to seek an extension of the Rule 4007(c)
deadline when it sought the extension of other specific deadlines
in the filed consent motion, Santorini did not pursue its rights
diligently, and it is not entitled to equitable tolling of the
deadline for filing a § 523(a)(2) complaint.  *See Opportunity
Bank, N.A. v. Martinsen (In re Martinsen)*, 449 B.R. 917, 924
(Bankr. W.D. Wis. 2011).

Moreover, Santorini has not shown that in some extraordinary
way he was prevented from obtaining an extension of time in order
to assert a § 523(a)(2) claim, and this too bars equitable
tolling.  Santorini "could have acted to protect its interests,
but did not.  In that circumstance, equitable tolling does not
apply." *Grabitske v. Brittingham & Hixon Lumber Co.*, No.
10-CV-267-BBC, 2010 WL 3666990, at *7 (W.D. Wis. Sept. 15, 2010)
(citations omitted).  That Santorini needed an extension of time
to file a § 523(a)(2) claim because the debtor and related
parties dragged their feet in complying with Rule 2004 requests
would have supported a motion for an extension of the Rule

17

4007(c) deadline.  However, it does not constitute a basis for
holding that the Rule 4007(c) deadline was equitably tolled.  The
delayed compliance with Rule 2004 examinations did not prevent
Santorini's moving timely under Rule 4007(c) for an extension of
the Rule 4007(c) deadline, and thus does not justify equitable
tolling.  *See Grabitske*,  2010 WL 3666990, at *7 (noting that
attempts to conduct a Rule 2004 examination did not warrant
applying equitable estoppel when the plaintiff could have sought
an extension of the Rule 4007(c) deadline prior to its
expiration).

Santorini relies on *Nardei v. Maughan (In re Maughan)*, 340
F.3d 337 (6th Cir. 2003), in contending that equitable tolling
applies.  However, *In re Maughan* is distinguishable from this
case because there the plaintiff's delay in seeking an extension
of the bar date was found to be "partly attributable to Maughan's
conduct" which included a failure to produce all the documents
requested for a Rule 2004 examination accompanied by and a
promise that the documents were forthcoming-a promise that misled
the creditor.  *In re Maughan*, 340 F.3d at 344.  Additionally, in
that case, the motion for an extension of the deadline was filed
only three days after the expiration of the deadline.

Here, nothing prevented Santorini's filing a timely motion
to extend the Rule 4007(c) deadline.  It is true that in this
case, like in *In re Maughan*, there was a failure of the debtor to

18

produce documents pursuant to a Rule 2004 examination prior to the expiration of the Rule 4007(c) deadline.  Indeed, Santorini's motion to extend the deadlines for filing an 11 U.S.C. § 727(a) complaint or a motion under 11 U.S.C. § 707(b) noted that one reason for requesting the extension of those deadlines was that Guadie had not yet produced documents pursuant to a Rule 2004 examination.  Santorini premised its motion to extend those deadlines partially on Guadie's failure to produce the documents. Nothing prevented Santorini from also raising that circumstance as a basis for seeking to enlarge the Rule 4007(c) deadline for filing a complaint under 11 U.S.C. § 523(a)(2).  Because Santorini could have protected itself by filing a timely motion under Rule 4007(c) to extend the Rule 4007(c) deadline, it is not entitled to receive the benefit of equitable tolling.  *See In re Costa*, 2013 WL 63916, at *7 ("On notice of the complaint deadline, as extended by his own motions, Sullivan could have protected his interests, but did not.").

     In any event, the *In re Maughan* decision is not convincing because it is inconsistent with the requirement announced in *Lozano*, 134 S. Ct. at 1231–32, a decision issued by the Supreme Court 11 years after *In re Maughan* was decided, that some extraordinary circumstance must have prevented the plaintiff from bringing a timely action in order for equitable tolling to apply. Similarly, since the ruling in *In re Maughan*, the First Circuit

19

Bankruptcy Appellate Panel has held that even if equitable tolling were applicable to toll the Rule 4007(c) deadline, the party requesting tolling of the deadline would need to demonstrate that its failure to file a timely complaint "was the result of (1) extraordinary circumstances, (2) beyond [its] control or external to [its] own conduct, (3) that prevented [it] from filing on time" and that, where the movant was on notice of the complaint deadline, as evidenced by his own motions, and the movant failed to protect his interests, equitable tolling was inappropriate. *In re Costa*, 2013 WL 63916, at *7 (internal quotation marks and citation omitted). These cases demonstrate that *In re Maughan* does not apply to justify equitable tolling in this case.

Finally, Santorini's § 523(a)(2) claim cannot be treated as timely based on excusable neglect. As already discussed, while Fed. R. Bankr. P. 9006(a) would normally permit the court to treat as timely an untimely § 523(a)(2) claim on the basis of the claimant's excusable neglect, Fed. R. Bankr. P. 9006(a)(3) provides an explicit exception to the application of Rule 9006(a) in the case of a party's failure to comply with the deadline contained in Rule 4007(c).

## II

### DISMISSAL OF DAMAGE CLAIMS BASED ON PREPETITION CONDUCT IN COUNTS IV, V, AND VI OF THE AMENDED COMPLAINT

Because the § 523(a)(2) claim fails and the court does not need to decide whether there is a debt owed to Santorini that is nondischargeable under § 523(a)(2), there is no basis for this court to determine the amount of Santorini's claims against the debtor.  The automatic stay of 11 U.S.C. § 362(a) bars Santorini from suing the debtor on any prepetition claim other than incident to a § 523(a)(2) complaint.[4]  Accordingly, to the extent that the damage claims asserted in Counts IV, V, and VI are based on prepetition claims, they must be dismissed.[5]

## III

### DISMISSAL OF DAMAGE CLAIMS BASED ON POSTPETITION CONDUCT IN COUNTS IV, V, AND VI OF THE AMENDED COMPLAINT

To the extent that the damage claims contained in Counts IV, V, and VI are based on postpetition acts, they must be dismissed based on lack of subject matter jurisdiction.  Under 28 U.S.C. § 1334(b), subject matter jurisdiction in this adversary

---

[4]  Santorini could assert the prepetition claim via a proof of claim if this were a case in which there would be a distribution to creditors, but this is a case in which the trustee has reported that there will be no distribution to creditors.  *See* Case No. 17-00054, Dkt. No. 37.

[5]  If the debtor is denied a discharge, that will terminate the automatic stay as to suing the debtor on prepetition claims. Upon the termination of the automatic stay, 11 U.S.C. § 108(c) would be of possible relevance to the issue of the statute of limitations regarding when Santorini may sue on such claims.

proceeding is limited to "civil proceedings arising under title 11, or arising in or related to cases under title 11."

The damage claims based on the debtor's postpetition conduct do not "arise under" the Bankruptcy Code.  If they did, they, like the avoidance claims discussed in Part IV, would be claims belonging to the estate and would have to be pursued by the chapter 7 trustee, not by Santorini.

That some of the acts on which the damage claims are based occurred during the pendency of the bankruptcy case does not give rise to "arising in" jurisdiction under 28 U.S.C. § 1334(b). "'[P]roceedings or claims arising in Title 11 are those that are not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy.'" *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 489 (D.C. Cir. 2009) (quoting *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003) (internal quotations omitted)).  Accordingly, "an 'arising in' proceeding is one that must not only arise from events in the bankruptcy case but that by its nature is of an 'administrative' character because it requires a disposition in the bankruptcy case in order for the bankruptcy case to be administered." *Va. Hosp. Centerarlington Health Sys. v. Akl (In re Akl)*, 397 B.R. 546, 550-51 (Bankr. D.D.C. 2008) (holding that a debtor's counterclaim against a creditor for abuse of process based on the creditor's

22

filing of an adversary proceeding against the debtor – an act taken in conjunction with the bankruptcy case – did not "arise in" the bankruptcy case because the counterclaim did not concern the administration of the bankruptcy case). *See also Capitol Hill Grp. v. DCA Capitol Hill LTAC, LLC (In re Specialty Hosp. of Wash., LLC),* 580 B.R. 302, 309 (D.D.C. 2018) (ruling that the parties' contract dispute that arose incident to a bankruptcy sale did not "arise in" the debtor's bankruptcy case because the parties' claims did not "affect the administration of the estate"). Santorini's damage claims based on the debtor's postpetition acts are analogous to the abuse of process counterclaim asserted against a creditor by the debtor in *Akl*, and the adjudication of Santorini's damage claims similarly is not necessary to the administration of the debtor's case.

Finally, Santorini's damage claims based on the debtor's postpetition acts are not related to the bankruptcy case. A matter is "related to a case under title 11" if "*the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.*" *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original), *overruled on other grounds, Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012). "The Supreme Court [has] endorsed *Pacor*'s conceivability standard with the caveats that 'related to' jurisdiction 'cannot

23

be limitless,' and that the critical component of the *Pacor* test
is that 'bankruptcy courts have no jurisdiction over proceedings
that have no effect on the estate of the debtor.'" *Nuveen Mun.*
*Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith*
*Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) (quoting *Celotex*
*Corp. v. Edwards*, 514 U.S. 300, 308 & n.6 (1995)). "An action
thus generally is 'related to' a bankruptcy proceeding 'if the
outcome could alter the debtor's rights, liabilities, options, or
freedom of action (either positively or negatively) and which in
any way impacts upon the handling and administration of the
bankrupt estate.'" *Id.* (quoting *Pacor*, 743 F.2d at 994). The
money damage claims that Santorini seeks to pursue against the
debtor based on the debtor's postpetition conduct will have no
impact on the administration of the estate.

IV

DISMISSAL OF THE AVOIDANCE CLAIMS IN
COUNTS IV, V, AND VI OF THE AMENDED COMPLAINT

Santorini also seeks in Counts V and VI "that the alleged
April, 2016 transfer of Debtor Guadie's membership interests in
608 Girard Street LLC and Guadie Developments LLC be set aside."
Although certain fraudulent conveyances can be avoided under the
Bankruptcy Code, in a case under Chapter 7 of the Bankruptcy
Code, the power to avoid a transfer is vested in the chapter 7
trustee pursuant to 11 U.S.C. § 544(a). Santorini lacks standing

24

to pursue such avoidance claims and those claims must therefore
be dismissed.

V

STRIKING THE JURY DEMAND AS TO COUNTS II AND III

In regards to Santorini's demand for a jury trial, there is
no right to a jury trial with respect to Santorini's § 727(a)
claims in Counts II and III of the amended complaint.  Thus, the
court will strike the jury demand as to Counts II and III.

VI

Based on the foregoing, it is

ORDERED that the *Motion to Dismiss Counts I, IV, V and VI
and to Strike Jury Demand* (Dkt. No. 31) is granted as follows.
It is further

ORDERED that Count I of the amended complaint (the
§ 523(a)(2) claim) is dismissed with prejudice as untimely.  It
is further

ORDERED that the claims in Counts IV, V, and VI are
dismissed as to the debtor as follows:

> (1) to the extent the damage claims in those counts
> assert claims based on prepetition claims, they are
> dismissed without prejudice as barred by 11 U.S.C. § 362(a);

> (2) the damage claims in Counts IV, V, and VI are
> otherwise dismissed as to the debtor for lack of subject
> matter jurisdiction;

25

(3) the claims in Counts IV, V, and VI to set aside an

alleged transfer are dismissed for lack of standing.

It is further

ORDERED that only Counts II and III of the amended complaint

remain as claims against the debtor.  It is further

ORDERED that the jury trial demand as to Counts II and III

(the claims objecting to discharge) is stricken.


[Signed and dated above.]

Copies to: All counsel of record.

26