The document below is hereby signed.

Signed: May 21, 2019



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LULSEGED GUADIE, | ) | Case No. 17-00054 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| SANTORINI CAPITAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 17-10022 |
| LULSEGED GUADIE, *et al.*, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER
RE DISMISSING COUNTS V AND VI AS TO ALL DEFENDANTS

The court previously dismissed as to both Capital Bank,
N.A., and the debtor Counts V and VI of the plaintiff's amended
complaint, and ordered the plaintiff to show cause why the claims
in those counts ought not be dismissed as to the remaining
defendants against whom those claims were pursued, 608 Girard
Street, LLC; Guadie Developments, LLC; Abay Guadie; and Michael
Guadie.  The plaintiff argues that the claims against these

defendants are based on pre-petition conduct.  However, that does

not suffice to establish subject matter jurisdiction under 28

U.S.C. § 1334(b).  The claims do not arise under the Bankruptcy

Code and do not arise in the bankruptcy case.  Nor are they

"related to" the bankruptcy case.  As explained in the *Memorandum*

*Decision and Order re Debtor's Motion to Dismiss Counts I, IV, V*

*and VI and to Strike Jury Demand* (Dkt. No. 97 dated June 6, 2018,

and entered June 7, 2018) at 23-24:

> A matter is "related to a case under title 11" if "the
> outcome of that proceeding could conceivably have any
> effect on the estate being administered in bankruptcy."
> *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)
> (emphasis in original), overruled on other grounds,
> *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond*
> *Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 294 (3d
> Cir. 2012).  "The Supreme Court [has] endorsed Pacor's
> conceivability standard with the caveats that 'related
> to' jurisdiction 'cannot be limitless,' and that the
> critical component of the Pacor test is that 'bankruptcy
> courts have no jurisdiction over proceedings that have no
> effect on the estate of the debtor.'"  *Nuveen Mun. Trust*
> *ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith*
> *Brown, P.C.*, 692 F.3d 283, 294 (3d Cir. 2012) (quoting
> *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 & n.6
> (1995)).  "An action thus generally is 'related to' a
> bankruptcy proceeding 'if the outcome could alter the
> debtor's rights, liabilities, options, or freedom of
> action (either positively or negatively) and which in any
> way impacts upon the handling and administration of the
> bankrupt estate.'"  *Id.* (quoting *Pacor*, 743 F.2d at 994).

The plaintiff has failed to demonstrate that the claims against

the remaining defendants will have any impact upon the handling

and administration of the bankruptcy estate.

In any event, on March 13, 2017, the trustee in the debtor's

bankruptcy case filed a *Chapter 7 Trustee's Report of No*

*Distribution*.   In pertinent part, Fed. R. Bankr. P. 5009(a)

provides:

> if in a chapter 7 . . . case the trustee has filed a
> final report and final account and has certified that the
> estate has been fully administered, and if within 30 days
> no objection has been filed by the United States trustee
> or a party in interest, there shall be a presumption that
> the estate has been fully administered.

Here, the *Chapter 7 Trustee's Report of No Distribution* triggered

Rule 5009(a), and the estate was presumed to be fully

administered as of April 13, 2017, when no party filed an

objection to the Report of No Distribution by April 12, 2017 (30

days after filing of the *Report of No Distribution* ).   The

plaintiff has made no showing that there is an ongoing

administration of the estate that could somehow be impacted by

its claims in Counts V and VI against the remaining defendants.

Plainly those claims will have no impact on the administration of

the estate when that administration has come to an end.

Moreover, based on the Rule 5009(a) presumption, the estate

has been "fully administered" within the meaning of 11 U.S.C.

§ 350(a)(1) (such that the case is ready to be closed insofar as

estate administration is concerned).   Moreover, 11 U.S.C.

§ 704(a)(1) commands that the trustee "collect and reduce to

money the property of the estate . . . and close such estate as

expeditiously as is compatible with the best interests of parties

in interest."   The court will therefore close the case to allow

the trustee to collect his statutory fee and to allow the debtor

3

to have scheduled estate assets revest in him pursuant to 11

U.S.C. § 554(c).  Then, as allowed by 11 U.S.C. § 350(b), the

court will immediately reopen the case to continue hearing this

adversary proceeding and any pending proceedings in the main

bankruptcy case (such as the lien avoidance proceeding the debtor

pursued and the appeal from the disposition of that proceeding).

*See In re Carvalho*, 578 B.R. 1, 8 (Bankr. D.D.C. 2017).  The

belated closing of the case and revesting of scheduled property

of the estate in the debtor will make all the more clear that

there is no administration of an estate ongoing that could be

affected by the plaintiff's claims in Counts V and VI against the

remaining defendants.

Based on the foregoing, it is

ORDERED that the claims asserted in Counts V and VI of the

plaintiff's amended complaint (Dkt. No. 7) are dismissed as to

608 Girard Street, LLC; Guadie Developments, LLC; Abay Guadie;

and Michael Guadie for lack of subject matter jurisdiction, and

the claims asserted in Counts V and VI stand dismissed as to all

defendants.  It is further

ORDERED that the claims asserted in the amended complaint

stand dismissed as to all defendants except for the claims in

Counts II and III of the amended complaint seeking to deny the

debtor a discharge.  It is further

ORDERED that this order and prior orders dismissing claims

are not made final appealable orders under Fed. R. Civ. P. 54(b)

(although a party may file a motion for entry of an order under

Rule 54(b) making this order and prior orders dismissing claims

final for purposes of appeal).

[Signed and dated above.]

Copies to: All counsel of record.

H:\Common\Yee\SMT\Judge Teel Docs\Sartorini Capital, LLC v. Hundle - Dismiss Counts V and VI_v3.wpd